EDWARD A. SCHMIDT, Respondent, v. MASSAPEQUA COMPANY, INC. (Formerly MASSAPEQUA HOLDING CORPORATION), and Others, Defendants; LEON M. PRINCE and SIDNEY J. LOEB, Copartners, and HOWARD O. WOOD and WILLIAM G. COOKE, Copartners, Appellants. (Appeal No. 1.) — Resettled order denying defendants' motion to be relieved from their stipulation or agreement of settlement, etc., affirmed, with ten dollars costs and disbursements. Assuming that the court had power in a proper case to relieve these defendants from such an agreement of settlement, the facts herein do not disclose such a proper case for the exercise of that power. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

EDWARD A. SCHMIDT, Respondent, v. LEON M. PRINCE and SIDNEY J. LOEB, Copartners, etc., Appellants. (Appeal No. 2.) — The appeal from the resettled order of reference is dismissed, with ten dollars costs and disbursements. Such an order, resting as it does on a default judgment, is not appealable. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

BELLA SCHOENBAUM and LOUIS SCHOENBAUM, Appellants, v. JAC J. ALPER, Respondent.— Order directing service of a bill of particulars, in so far as appealed from, affirmed, with ten dollars costs and disbursements; the particulars to be served within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

ABRAHAM SIEGEL, Respondent, v. MOTHER LODE COALITION MINES COMPANY and Others, Defendants, and STEPHEN BIRCH, Appellant. (Appeal No. 1.) — Order denying motion of defendant Birch to dismiss the amended complaint for failure to state a cause of action affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

ABRAHAM SIEGEL, Respondent, v. MOTHER LODE COALITION MINES COMPANY and Others, Appellants, and Others, Defendants. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements, with leave to defendants to answer within ten days from the entry of this order. The exact nature of the contract for the delivery of certificates of stock owned by the plaintiff is not clear from the conflicting claims found in the record. If, as the appellants claim, the duty of making such distribution rested with the " old company," that duty was a continuing one and the plaintiff has not, by the mere lapse of time, lost his right to have the certificates issued. In that view, when plaintiff has received his certificates there will still be the obligation on the part of the " new company " and its transfer agent to issue, transfer or register the shares of the plaintiff in such form as he might legally demand. This right is not limited by any terms contained in the contract between the old company, Birch and the new company, whether we take the plaintiff's or the defendants' version of that contract. The action is primarily in equity and the defendants are joined as proper parties to insure the granting of plaintiff's rights and for protection of the rights of the defendants. No one asserts any conflicting claim to the plaintiff's stock, and it appears that no acts or other rights have supervened to justify withholding relief from the plaintiff, unless it may be in respect to the payment of dividends. As the case stands, there is no question of the Statute of Limitations. The appellants, however, are at liberty to set up the defense of the statute in their answers, and the soundness of such defense will depend upon proof offered on the trial. We cannot determine from the record that the statute has run as a matter of law. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.